**UNITED STATES BANKRUPTCY COURT**
                         **DISTRICT OF MINNESOTA**

In re:

Charles J Rodel
Cheryl A Rodel

        Debtor(s).        Ch. 13 06-60302


             **NOTICE OF MODIFIED PLAN (Pre-Confirmation)**
                    **AND OF CONFIRMATION HEARING**

To: The Chapter 13 Trustee; the United States Trustee; and to the other entities specified in Local Rule 3015-2:

1.   Please take notice that the debtors have filed a modified plan.

2.   A copy of the modified plan is attached.

3.   The Court will hold a hearing on confirming this modified plan at 10:00 o'clock a.m. on Dec. 19, 2006, at Courtroom 2, US Bankruptcy Court, 118 S 4th St, Fergus Falls MN 56537, or as soon thereafter as counsel may be heard.

4.   Any objection to confirmation of this modified plan must be filed and delivered not later than 10:00 a.m. on Dec. 18, 2006, which is twenty-four hours before the hearing, or filed and served by mail not later than Dec. 14, 2006, which is three business days before the time set for the confirmation hearing.



    /e/ Sam V. Calvert
Sam V. Calvert
1011 2nd St. North, Suite 107
Box 1044
St. Cloud MN  56302
320-252-4473
atty id # 1431X

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                         **MODIFIED CHAPTER 13 PLAN**

Charles J. Rodel
Cheryl A. Rodel

                                                          Dated: November 10, 2006
       DEBTOR                                   Case No. 06-60302
*In a joint case, debtor means debtors in this plan.*

**1. DEBTOR'S PAYMENTS TO TRUSTEE —**
a. As of the date of this plan, the debtor has paid the trustee $1170.44
b. After the date of this plan, the debtor will pay the trustee $ 600.00 per month for 58 consecutive months, beginning in November, 2006, for a total of $ 34,800.00. The minimum plan length is X 36 or 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee $ 0
d. The debtor will pay the trustee a total of $35,970.44 [line 1(a) + line 1(b) + line 1(c)].

**2. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $3271.39, (10% of amounts to be paid to parties in interest).

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | *Monthly Payment* | *Number of Months* | *Total Payments* |
|---|---|---|---|
| A. WFS Financial | $ 153.00 | 2 | $ 306.00 |
| B. | $ | | $ |
| c. TOTAL | | | $ 306.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Property* |
|---|---|
| A. None | |

**5. CLAIMS NOT IN DEFAULT –** Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

*Creditor*                                              *Description of Claim*
A.   none

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| *Creditor* | *Amount of Default* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *TOTAL PAYMENTS* |
|---|---|---|---|---|---|
| a. CountryWide | $ 3226.99 | $ 65.00 | 1 | 49 | $3226.99 |
| b. | | | | TOTAL | $3226.99 |

**\*\*\*The first 3 payments have already been made.**

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate*

| *Creditor* | *Default* | *Payment* | *Starting Month* | *# of pmts* | *total* |
|---|---|---|---|---|---|
| A.  none | $ | $ | | | |

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| *Creditor* | *claim amt.* | *collateral Value* | *int rate* | *monthly pmt.* | *no. pmts.* | *total payments* | *adeq. Prot. acct. pmts.* | *Total of pmt. Amt.* |
|---|---|---|---|---|---|---|---|---|

a.  WFS Fin  $ 21,767.69 $15300.00   9.00%     $ 466.85  58   $27,077.30  $ 306.00   $ 27,383.30
b.                                                                        TOTAL        $27,383.30

**Note:  this is a car treated as a "910 car".**

**9. PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. ***The amounts listed are estimates***. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $2000.00 | $308.70 | 1 | 2 | |
| | | $5.00* | 3 | 47 | |
| | | $69.00* | 51 | 9 | $2000.00 |
| b. Domestic support | — | — | — | — | $___ |
| c. IRS | ___ | ___ | ___ | ___ | $___ |
| d. MN Dept. of Rev. | ___ | ___ | ___ | ___ | $___ |
| e. ___ | ___ | ___ | ___ | ___ | $___ |
| | | | | Total: | $ 2000.00. |

TOTAL

* plus difference between commission @ 10% on amounts disbursed and actual commission set by attorney general;  this is assumed to be approximately another $9 per month, which it is estimated will pay this claim in full by the 58th month of the plan.

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:_____none_____The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

**None.**

**11. TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all  payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of  approximately $ 88.76  [line 1(d) minus lines 2, 6(b), 7(a), 8(b), 9(f), and 10].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $  0.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $8546.78  .
c. Total estimated unsecured claims are $ 8546.78  [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS — The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Confirmation of the plan constitutes a finding that the debtor has submitted all required documentation. Provisions regarding mortgage payments:** Debtors shall pay their regular monthly post-petition mortgage payment to CountryWide Home Loans (or subsequent holder of mortgage recorded as document 1142968) by the contractual due date, commencing November 1, 2006, and continuing each month thereafter. If Debtors in fact fail to make any of the said mortgage payments as and when due, the attorney for mortgage holder may serve Notice, by first class mail, alleging the Debtors failure to pay said payment. Unless the Debtors cure the default within ten (10) days after service of said Notice, the mortgage holder shall be entitled to ex parte relief from the automatic stay. If a default letter becomes necessary, Debtors agree to pay $75.00 in reasonable attorney's fees by separate check directly to creditor's attorney. The amount in default shall be paid by a cashier's check or money order made payable to creditor.

**14. SUMMARY OF PAYMENTS —**

| | |
|---|---|
| Trustee's Fee [Line 2] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 3271.39 |
| Home Mortgage Defaults [Line 6(d)] . . . . . . . . . . . . . . . . . . . . . . . . . | $ 3,226.99 |
| Claims in Default [Line 7(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0 |
| Other Secured Claims [Line 8(d)] . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 27,383.30 |
| Other Claims [Line 9(f)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 2,000.00 |
| Separate Classes [Line 10(c)] . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 0 |
| Unsecured Creditors [Line 11] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 88.76 |
| **TOTAL [must equal Line 1(d)] . . . . . . . . . . . . . . . . . . . . . . . . . .** | $35,970.44 |

*Insert Name, Address, Telephone
and License Number of Debtor's Attorney*:

| | |
|---|---|
| Sam V. Calvert #1431X | Signed:   Charles J. Rodel   /e/ |
| 1011 2nd ST N Ste 107 | Debtor |
| St Cloud MN 56303 | |
| 320-252-4473 | Signed:   Cheryl A. Rodel /e/ |
| | Joint Debtor |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Charles J Rodel
Cheryl A Rodel

      Debtors.

Chapter 13 file Case: 06-60302

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

    Barb Robinson, secretary to Sam V. Calvert, attorney licensed to practice law in this Court, with office address of 1011 2nd St. North, Suite 107, Box 1044, St. Cloud, MN 56302, declares that on November 15, 2006, I served the attached Motion to Modify Chapter 13 Plan and Plan on the entity or entities listed below, by mailing each of them a copy thereof by enclosing the same in an envelope, first class postage prepaid, and depositing the same in the United States Mail at St. Cloud Minnesota addressed as follows:

Office of the US Trustee
Suit 1015
300 S 4th St
Minneapolis MN 55415

Michael Farrell
Box 519
Barnsville MN 56514

Charles & Cheryl Rodel
118 4th Ave SE
St Joseph MN 56374

<u>See attached list</u>

And I declare, under penalty of perjury, that the foregoing is true and correct.


Dated: November 15, 2006              /e/    B Robinson

Auriton
1700 West HWY 36, STE 301
Roseville MN 55113

(cr)

Chase
PO Box 15298
Wilmington DE 19850-5298

(cr)

Citi Cards
PO Box 688904
Des Moines IA 50368-8904

(cr)

CountryWide Home Loans
Box 8239
Van Nuys CA 91409-8239

(cr)

CountryWide Home Loans
PO Box 650070
Dallas TX 75265-0070

(cr)

Drs Styles & Cotton
PO Box 607
1514 E Minnesota St
St Joseph MN 56374

(cr)

JC Christensen & Assoc
re: FR8286
PO Box 519
Sauk Rapids MN 56379

(cr)

KOHL'S DEPT STORE
C/O CREDITORS BKY SRV
PO BOX 740933
DALLAS TX 75374

(cr)

Meyer & Njus PA
re: Target / Ret Nat'l Bk
200 So 6th St STE 1100
Minneapolis MN 55402

(cr)

Mortgage Electronic Registration Systems, Inc.
c/o Countrywide Home Loans, Inc.
7105 Corporate Drive, PTX-B-209
Plano, TX 75024

(cr)

Sam's Club
PO Box 981420

El Paso TX 79998

          (cr)

TARGET NATL BK  
C/O WEINSTEIN & RILEY PS  
2101 FOURTH AVE STE 900  
SEATTLE WA 98121

          (cr)

Wells Fargo Financial Acceptance  
110 So 2nd St STE 109  
Waite Park MN 56387-1367

          (cr)

WELLS FARGO FNCL MN INC  
4137 121ST ST  
URBANDALE IA 50323

          (cr)

WELLS FARGO OPERATION CTR  
LOAN SRVC PYMNT PROC  
7412 JEFFERSON BLVD NE  
ALBURQUERQUE NM 87109

          (cr)

WFS Financial  
PO BOX 19657  
IRVINE CA 92623-9657

          (cr)

UNITED STATE BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Charles Rodel
Cheryl Rodel

**SIGNATURE DECLARATION**

Debtor(s).

Case No. . 13 06-60302

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I (We), the undersigned debtor(s) or authorized representative of the debtor, **make the following declaration under penalty of perjury:**

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct.
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct.
- **[individual debtors only]** If no Social Security number is included in the "Debtor Information Pages" submitted as part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages" is applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: Nov 17, 2006

X _____
Signature of Debtor or Authorized Representative

Charles Rodel

X _____
Signature of Co-Debtor or Authorized Representative

Cheryl Rodel